FILED

DEC 1 2 2022

Dec 12 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA     )    No.
                      )
v.                   )    <u>Violations</u>: Title 18,
                      )    United States Code,
ROBERT L. MURRAY, JR.    )    Section 1343 (Wire Fraud)

## COUNT ONE

The SPECIAL MAY 2022 GRAND JURY charges:

22cr643
Judge Manish Shah
Magistrate Judge Gilbert

1.    At times relevant to this indictment:

a.    Defendant ROBERT L. MURRAY, JR., a veteran of the United States Navy, achieved the rank of a Chief Petty Officer.

b.    After his retirement from the Navy, MURRAY was unemployed, occasionally trading securities online, from his residence.

c.    MURRAY founded a limited liability company, which he called "Deep Dive Strategies, LLC," to raise funds from individual investors.

d.    MURRAY set up a bank account in the name of Deep Dive Strategies, LLC, to receive deposits of funds from interested investors, and a corresponding trading account at an online brokerage, to conduct trades with money raised from them.

2. Beginning in about 2020 and continuing through 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT L. MURRAY, JR.,

defendant herein, devised and intended to devise a scheme to defraud and to obtain money from investors, including residents of the Northern District of Illinois, by means of materially false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme that MURRAY portrayed himself on certain social media platforms and groups as a skilled, successful options trader with an effective strategy and algorithm for trading securities. MURRAY's audience included retired and active-duty members of the Navy who shared an interest in securities trading and, in particular, options trading.

4. It was further part of the scheme that MURRAY used those social media platforms and groups to solicit investors for his new investment fund (Deep Dive Strategies, LLC), initially offering 100 membership shares of 1% each, at a price of $5,000 per share, for a total investment capitalization of $500,000.

5. It was further part of the scheme that MURRAY made materially false representations and promises in his social media posts, in his emails, and in his written offering materials to prospective investors, in order to induce them to contribute money to his investment fund. Among the false representations and promises made by MURRAY were the following:

a. that funds contributed by investors would be used solely to invest in publicly traded securities and to pay necessary business expenses (not to exceed

2

2% of the investment fund's value) incurred in administering the fund over the course of the ensuing calendar year;

        b.     that MURRAY, as the exclusive manager of the fund, would be entitled to a performance fee not to exceed 20% of any net trading profits earned during the year;

        c.     that he would not receive a performance fee in the event of a net trading loss; and

        d.     that he would make information available to investors concerning their respective accounts during the calendar year.

6. It was further part of the scheme that in his social media posts and other representations made to victim-investors, MURRAY omitted statements of material fact, including that:

        a.     while investors would not be permitted to access their investment capital during the initial one-year trading period commencing on January 1, 2021 and concluding on December 31, 2021, he did not intend to place that same restriction on his own ability to access and withdraw investor funds from the Deep Dive Strategies bank account and trading account; and

        b.     he intended to use and did use at least some of the investors' money to pay his own personal expenses before and during the above trading period.

7. It was further part of the scheme that MURRAY did not invest or trade with all the money provided to him by investors, as he had led investors to believe in his offering materials, emails, and social media posts. Instead, MURRAY kept a

portion of investors' funds in the Deep Dive Strategies bank account, without transferring their funds to the trading account through which he otherwise would have been able to make investments and conduct trades.

8. It was further part of the scheme that MURRAY misappropriated investors' money from the Deep Dive Strategies bank account by making cash withdrawals, writing checks and using the account debit card to pay personal expenses of himself and his girlfriend, including shopping, restaurant, and travel expenses unrelated to the business of Deep Dive Strategies.

9. It was further part of the scheme that MURRAY also misappropriated investors' money from the Deep Dive Strategies bank account by transferring money from that account to his own personal bank accounts, which he then used to pay various personal expenses, such as restaurant bills, and to gamble at casinos.

10. It was further part of the scheme that MURRAY only used a portion of investors' funds to trade securities—not all of their funds (less administrative fees), as he had promised to do in his offering materials. With the investor funds that MURRAY did transfer to his Deep Dive Strategies trading account, MURRAY lost most of those funds by trading a highly risky meme stock (GameStop).

11. It was further part of the scheme that MURRAY failed to inform victim-investors that he had commingled and used a significant portion of their funds to pay personal expenses and that he had lost the rest of their funds as a result of his short-term, high-risk trades.

12. It was further part of the scheme that MURRAY disregarded or refused requests from investors for an accounting of their investment funds, and failed to send out monthly emails to all members with an update on the company's status and financial information as he had promised to do, in an attempt to conceal his misappropriation of investor funds.

13. It was further part of the scheme that MURRAY failed to return investor funds when asked to do so.

14. It was further part of the scheme that MURRAY misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and the acts committed in furtherance of the scheme.

15. As a result of MURRAYs false and fraudulent representations, promises, acts, and omissions, victim-investors lost all of the funds that they had entrusted to MURRAY to invest on their behalf, in an amount totaling more than $342,000.

16.     On or about October 7, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT L. MURRAY, JR.,

defendant herein, for the purpose of executing the scheme described above, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email to prospective investors, including residents of the Northern District of Illinois, in which MURRAY announced the launch of Deep Dive Strategies, LLC, and provided instructions for making investments in the company;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2022 GRAND JURY further charges:

1. Paragraphs 1 through 15 of Count One are incorporated here.

2. On or about October 16, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERT L. MURRAY, JR.,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds in the amount of $5,000, from the bank account of a victim-investor residing in the Northern District of Illinois to MURRAY's Deep Dive Strategies bank account;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT THREE

The SPECIAL MAY 2022 GRAND JURY further charges:

1.     Paragraphs 1 through 15 of Count One are incorporated here.

2.     On or about December 4, 2020, in the Northern District of Illinois and elsewhere,

### ROBERT L. MURRAY, JR.,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds in the amount of $5,000, from the bank account of a victim-investor residing in the Northern District of Illinois to MURRAY's Deep Dive Strategies bank account;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL MAY 2022 GRAND JURY further charges:

1.     Paragraphs 1 through 15 of Count One are incorporated here.

2.     On or about December 27, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ROBERT L. MURRAY, JR.,

defendant herein, for the purpose of executing the scheme described above, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email to victim investors, including residents of the Northern District of Illinois, in which MURRAY welcomed them to "the Deep Dive Strategies email group" and made certain promises and representations regarding the intended use of investor funds and future business activities;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Jason Yonan on behalf of the
UNITED STATES ATTORNEY

9