UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America**, | |
| Plaintiff, | |
| v. | **No. 22 CR 643** |
| **Robert Murray, Jr.**, | Judge Manish S. Shah |
| Defendant. | |

## Defendant's Motion to Recall Warrant and Modify Conditions of Release

Defendant Robert Murray, Jr. through his attorney Holly N. Blaine requests that this court recall the warrant for his arrest, issued on March 10, 2025, and modify the conditions of his release to include 30 days of inpatient psychiatric and substance-abuse treatment at Chris Kyle Patriots Hospital in Anchorage, Alaska.

This court issued a warrant for Mr. Murray's arrest following a report from pretrial services that Mr. Murray had not contacted his pretrial officer to arrange for location monitoring after the court modified his conditions of release to home incarceration on March 7, 2025.

This morning, pretrial services filed a follow-up report, indicating that Mr. Murray has been in custody in Anchorage since March 7, 2025. His failure to arrange for location monitoring was not willful—he was prevented from making arrangements with his assigned pretrial services officer due to his arrest on DUI charges. Those charges appear to be the result of a combination of factors, including a possible mental health breakdown and substance-abuse relapse as indicated in the arrest reports attached to today's pretrial services filing.

After reviewing today's report, counsel spoke to an intake counselor at Chris Kyle Patriots Hospital in Anchorage, Alaska. Mr. Murray has received inpatient

treatment at Chris Kyle in the past, and they confirmed that they currently have open beds to accept Mr. Murray back into treatment. To start the intake process, Mr. Murray will need to complete a phone screening and will need transportation to the facility. Mr. Murray's last treatment at Chris Kyle was approximately two years ago.

Defense counsel has grave concerns for Mr. Murray's mental health and his ability to proceed to sentencing in this mental state. Without intensive treatment, Mr. Murray may not be competent to understand the sentencing hearing and is currently unable to assist counsel in sentencing preparations in his altered mental state.

Counsel emailed AUSA Brian Havey and pretrial services regarding their position on this matter. AUSA Havey indicated that he opposes this motion and believes that Mr. Murray should remain incarcerated. Pretrial services also opposes Mr. Murray's release.

WHEREFORE counsel for the defendant respectfully requests that the court recall the March 10, 2025, warrant and modify Mr. Murray's release conditions to include inpatient treatment at Chris Kyle Patriots Hospital for the next 30 days upon his release from detention in Alaska.

Respectfully Submitted,

/s/ Holly N. Blaine
Attorney for Robert Murray, Jr.

Holly N. Blaine
Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
(312) 788-7584
hnb@blainevanzant.com